**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONNA HEATER, | : | |
| | : | No.  05-CV-04545 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

## I.  INTRODUCTORY STATEMENT

In compliance with the Federal Rules of Civil Procedure, the Plaintiff commenced the

instant case by filing a Complaint which constituted a short plain statement sufficient to put the

Defendant on fair notice of the nature of her claims. The Defendant filed a Motion to Dismiss.

The Plaintiff has not had an opportunity to undertake discovery, and, as previously stated,

the parties should be granted a reasonable amount of time in which to conduct discovery.  Yet,

the Defendant faults the Plaintiff for not being able to "prove", "show" or "establish" her claims.

It is clear, however, that under the Federal Rules of Civil Procedure the Plaintiff is only required

to put the Defendant on notice of the claims, not to prove them.  This Memorandum of Law has

been filed by the Defendant in Opposition to the Defendant's Motion to Dismiss.

## II.  STANDARD OF REVIEW ON A MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(b)(6)

The Third Circuit Court of Appeals has long held that summary disposition on the merits is

disfavored and the burden is on the moving party.  Mortensen v. First Federal Savings & Loan

Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977); Johnsrud v. Carter, 620 F.3d 29 (3rd Cir. 1980).  On a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b), courts are bound to accept as true all factual allegations in the complaint and draw all inferences from those allegations in the light most favorable to the plaintiff.  See, *e.g.*, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The simplified notice pleading standard requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "This simplified ... standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.  This is so even if a plaintiff is ultimately unlikely to prevail. "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test."  Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996) (*quoting* Gant v. Wallingford Bd. of Educ., 69 F.3d 6691 673 (2d Cir.1995).

A district court may grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.  Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  Otherwise, "claims lacking merit may be dealt with through summary judgment under Rule 56."  Swierkiewicz, 534 U.S. at 514.

A motion to dismiss under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Aamco Automatic Transmissions, Inc. v. Tayloe, 368 F. Supp. 1283, 1286-87 (E.D.

Pa. 1973), *quoting* Conley, 355 U.S. at 45-46.  The court must treat all facts contained in the complaint and all inferences deducible therefrom in the light most favorable to the claimant. Aamco Automatic Transmissions, Inc. v. Tayloe, supra, 368 F. Supp. at 1287.  Furthermore, the Rules do not require the claimant to set out in detail the facts underlying her claim, but only to give a short plain statement sufficient to put the defendant on fair notice of what the claim is. Hatten v. Worden, 38 F.R.D. 496, 498 (E.D. Pa. 1965).

The Supreme Court recently handed down a decision indicating that complaints alleging employment discrimination are to be held to the same liberal pleading rules applicable to any other civil action.  Swierkiewicz, supra.  In Swierkiewicz, the Supreme Court was concerned with preventing the practice of depriving victims of discrimination of a remedy through the use of technicalities.

## III.   ARGUMENT

### A.   DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED WITH PREJUDICE.

#### 1.   The Plaintiff Has Properly Completed Service of Process Under Pennsylvania Law.

The Plaintiff has attached hereto and incorporated herein as Exhibit "A" a copy of the docket entries of the Lehigh County Court of Common Pleas, issued pursuant Lehigh County case No. 2004-C-3259 (this case was subsequently removed to federal district court).  As conceded by the Defendant, this case was initiated by the filing of a Praecipe for Writ of Summons on November 29, 2004.  The notation "writ exit" was marked for November 29, 2004, indicating that the writ was sent to the Sheriff's Department for service.  The said docket entries indicate that the writ of summons was reissued on February 2, 2005, and then again on March

22, 2005.  The Writ was served by the Lehigh County Sheriff on March 24, 2005 at 1423 hours.

Plaintiff has attached hereto and incorporated herein as Exhibit "B" a true and correct copy of

her attorney's affidavit, indicating what efforts were made to serve the Writ of Summons that

was filed with the Lehigh County Court of Common Pleas on November 29, 2004.

It is the Plaintiff's position that pursuant to Pennsylvania law, the Writ of Summons was

properly filed and served, and that this case was effectively commenced on November 29, 2004.

For example, in Krouse v. American Sterilizer Co.,872 F.Supp. 203 (W.D.Pa..1994), aff'd, 126

F.3d 494 (3rd Cir.1997), the employee filed a praecipe for writ of summons in a Pennsylvania

Court of Common Pleas, claiming that the employer had violated the Americans with Disabilities

Act by refusing to accommodate a work-related back injury.  After removal, the employer filed a

motion to dismiss on the ground that claim was barred by applicable statute of limitations.  The

District Court held that plaintiff's filing of praecipe for writ of summons in state court constituted

commencement of a civil action for purposes of limitations provision governing ADA claims,

notwithstanding defendant's contention that plaintiff was required to file a complaint satisfying

requirements of Federal Rule of Civil Procedure.

In summary, federal courts recognize Pennsylvania's procedure which allows a writ of

summons to be filed in order to commence a legal proceeding.  Perry v. City of Philadelphia, No.

99-CV-2989, 1999 U.S.Dist. LEXIS 12915 (E.D. Pa. Aug. 17, 1999); Dravo Corp. v. White

Consol. Industries, 602 F.Supp. 1136 (W.D.Pa. 1985); Adams v. Ford Motor Co.,1987 WL

13344 (E.D.Pa., Jun 30, 1987); Miller v. Philadelphia Geriatric Center, 2002 WL 1608223

(E.D.Pa., Jul 15, 2002); Bailey v. Dell Publishing Co., Inc., 790 F. Supp. 101 (W.D. Pa. 1992),

aff'd, 983 F. 2d 1049 (3rd Cir. 1992); Young v. PENNDOT, 690 A.2d 1300 (Pa. Cmwlth. Ct.

1997).  See also <u>Deily v. Waste Management of Allentown, Inc</u>.,CIV. A. 00-1100, 2000 WL

1858717, 2000 U.S. Dist. Lexis 18205 (December 19, 2000, E.D. Pa.), *citing* <u>Patterson v.</u>

<u>American Bosch Corp</u>., 914 F.2d 384, 387 (3rd Cir. 1990), for the proposition that a praecipe for

Writ of Summons commences an action for purposes of the running of the statute of limitations.

> **2.** **Under <u>Lamp v. Heyman</u>, a Plaintiff Cannot Simply File a Writ of Summons to Toll the Statute of Limitations; the Writ Must be Properly Served.**

In <u>Lamp v. Heyman</u>, 469 Pa. 465, 478, 366 A.2d 882, 889 (1976), the Supreme Court

determined that "a writ of summons shall remain effective to commence an action only if the

plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal

machinery he has just set in motion." The court further stated that "a plaintiff should comply

with local practice as to delivery of the writ to the sheriff for service." Id. Subsequently, in

<u>Farinacci v. Beaver County Industrial Development Authority</u>, 510 Pa. 589, 594, 511 A.2d 757,

759 (1986), the Supreme Court reiterated and refined its decision in <u>Lamp</u> by stating that "Lamp

requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action."

What constitutes a good-faith effort to serve legal process is a matter to be determined by

the court in its sound discretion on a case-by-case basis. Id. at 594, 511 A.2d at 759.  In effect,

the Supreme Court determined in <u>Lamp</u> and <u>Farinacci</u> that while an action may be "commenced"

by the filing of a praecipe for a writ of summons, service, or at least a good-faith attempt at

service, is a condition subsequent that must be fulfilled to complete the commencement of the

action begun by filing the praecipe.  <u>Witherspoon v. City of Philadelphia</u>, 564 Pa. 388, 395, 768

A.2d 1079, 1083 (2001).  In the case at bar, however, service of the writ of summons was

properly completed by the Sheriff within a reasonable period of time.

In <u>Beck v. Minestrella</u>, 264 Pa.Super. 609, 613-14, 401 A.2d 762 (1979), the Superior Court, interpreting <u>Lamp</u>, held that a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.  Nevertheless, as noted earlier, in the case at bar, this is not an issue because the ***<u>Writ of Summons was promptly served by the Sheriff</u>***.   For this very reason, the Superior Court, in <u>Sheets v. Liberty Homes, Inc.</u>, 823 A.2d 1016, 1019 (2003) held that where timely service of the writ has been made and the statute of limitation satisfied, ***<u>Lamp v. Heyman is not applicable.</u>***

### 3.    Prior to <u>Lamp v. Heyman</u>, Service of the Writ of Summons Was Not Necessary to Toll the Statute of Limitations.

Prior to <u>Lamp</u>, and before the adoption of the Rules of Civil Procedure, a rule had developed through case law regarding actions commenced by issuance of a writ of summons that allowed the plaintiff to "continue process to keep his cause of action alive" simply by reissuing a writ of summons within a period of time equivalent to the statute of limitations applicable to the cause of action.  <u>Zarlinsky v. Laudenslager</u>, 402 Pa. 290, 167 A.2d 317, 319 (1961).  The filing of the praecipe within the statute of limitations commenced the action, and reissuance of the writ kept the action alive for another "equivalent period," ***<u>whether service was made or even attempt.</u>***  The purpose of the rule identifying the filing of the praecipe as the commencement of the action, without regard to when the prothonotary actually issued the writ or the sheriff served it, was "to free the plaintiff from the risk that the statute of limitations may bar him if he acts in time, but someone else fails to act in time." <u>Lamp</u>, 366 A.2d at 887, *quoting* <u>Salay v. Braun</u>, 427 Pa. 480, 235 A.2d 368, 371 (1967).  According to the Superior Court, it is not

necessary that a plaintiff continually reissue the writ before each expiration. <u>Parr v. Roman</u>, 822 A.2d 78 (Pa. Super. 2003).

      <u>Kurz v. St. Albans Apartments, Inc</u>., 3 Pa. D. & C.3d 410 (1974), affirmed per curiam ___ Pa. Superior Ct. ___, 377 A.2d 195 (1977) (date of affirmance coming after the Supreme Court's decision in <u>Lamp</u>) is a case helpful to the Plaintiff.  <u>Kurz</u> involved a suit for personal injuries, where a summons was issued two days before the expiration of the statute of limitations. However, no attempt at service was made, and the summons was reissued twice, each time before expiration of the statute from the previous issuance.  Each reissuance, including a third reissuance, was made without service.  Service of process was finally made ***<u>eight years after the cause of action arose</u>***.  <u>The court found that there was no evidence that the plaintiff had in any case instructed the prothonotary or sheriff that service was not to be made; therefore the statute was tolled and defendants' motion for judgment on the pleadings was refused.</u>

      It appears that the Defendant's argument, which purports to be derived from the Pennsylvania Supreme Court's decision in <u>Lamp,</u> is actually a spurious argument which flies directly in the face of the Supreme Court's holding in <u>Lamp</u>.  Prior to <u>Lamp,</u> the rule was that an action commenced but not served within the statutory period was sufficient to toll the statute of limitations for an additional period equal to the length of the statutory period.  <u>Williams v. SEPTA</u>, 137 Pa.Cmwlth. 163, 585 A.2d 583, 584 (1991).  However, recognizing the potential for abuse of this rule and finding this rule to be inconsistent with the dual policies underlying statutes of limitations (avoiding stale claims and achieving speedy and efficient justice), the Supreme Court, in <u>Lamp</u>, qualified the rule to "avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control

over it for a period in excess of that permitted by the statute of limitations." Id. at 478, 366 A.2d at 889.

In Witherspoon, *supra,* 768 A.2d at 1083-84, the Supreme Court stated that:

> **At this juncture, it becomes appropriate to reassess the wisdom of the "equivalent period" doctrine. In light of the changes in practice and in application of the rules beginning with Lamp, we fail to see any justification for the continuation of this common law doctrine in present circumstances. The notion that an action can be "kept alive" for the same period of time as the applicable limitations period although the defendant has not been made aware of the action, is inherently inconsistent with the requirement that the plaintiff make a good faith attempt to notify the defendant of the action.**

The dicta from Witherspoon, cited above, clarifies the fact that the "equivalent period" doctrine which Defendant contends was enunciated in Lamp is in fact a previous custom or practice that in reality ***was done away with by Lamp***.  After Lamp, practitioners can no longer simply file a Writ of Summons, not have it served, and then expect to toll the statute of limitations for a period equivalent to the underlying statute of limitations.  In order for the Defendant's Motion to Dismiss argument to have any validity, what the Plaintiff would have had to do, in effect, was to have filed a praecipe for a writ of summons, withheld service of process on that writ, and then filed a complaint more than ninety days after having filed, but not served, the writ of summons.  Obviously, that is ***not*** what has occurred here, because no one is questioning the fact that in the case at bar the Sheriff served the Writ on the Defendant.

As noted by this Honorable Court in Pender v. Guy, No. CIV.A. 01-4050, 2002 WL 1335148 (E.D.Pa.,June 18, 2002), the filing of a Writ of Summons, if service of process on said summons is ***not*** subsequently effectuated, will only toll the statute of limitations for a period of thirty days; *viz.,* the life of the Writ of Summons itself.  The "life of the writ" is thirty days.  See

Pa. R. Civ. P. 401(a) As noted by this Court in Pender: "the filing of a praecipe for a writ of summons will only toll the statute of limitations if, during the life of the writ, the plaintiff makes a good faith attempt to effectuate service of the writ." *Id.*, *citations omitted*.

Where a plaintiff does not make a good faith effort at service of original process, an action which was otherwise timely commenced by filing a praecipe for a writ of summons within the statutory period will be deemed untimely and barred by the statute of limitations. Lamp; Johnson v. Allgeier, 852 A.2d 1235 (Pa.Super.2004). Even though a "good-faith" effort to notify a defendant of the institution of a lawsuit must be established, the thrust of all inquiry is whether a plaintiff engaged in a "course of conduct" forestalling the legal machinery put in motion by his filings. Leidich v. Franklin, 394 Pa. Super. 302, 311, 575 A.2d 914, 918 (1990), appeal denied, 526 Pa. 636, 584 A.2d 319 (1990). "Good-faith" must be established in tandem with the absence of a "course of conduct" attributable to the plaintiff evidencing a stalling of the machinery of justice. *Id*. at 314, 575 A.2d at 920; Moses v. T.N.T. Redstar Express, 725 A.2d 792, 798, 799 (Pa. Super. 1999), appeal denied, 559 Pa. 686, 739 A.2d 1058 (1999). At a minimum, the good-faith effort required in Lamp mandates compliance with the Pennsylvania Rules of Procedure and local practice. Cahill v. Schults, 434 Pa. Super. 332, 643 A.2d 121 (1994); Feher by Feher v. Altman, 357 Pa. Super. 50, 54, 515 A.2d 317, 319 (1986), appeal denied, 515 Pa. 622, 531 A.2d 430 (1987).

In Green v. Vinglas, 431 Pa. Super. 58, 635 A.2d 1070 (1993), appeal denied, 540 Pa. 583, 655 A.2d 515 (1995), the court upheld the dismissal of plaintiff's suit, with prejudice, finding that plaintiff's filing of a praecipe for a writ of summons did not toll the statute of limitations where plaintiff failed to obtain timely service of the writ due to her unwitting failure

to prepay the sheriff's office for deputized service as required by local practice.  See also, Patterson v. American Bosh Corp., 914 F.2d 384 (3d Cir. 1990).

### 4.    This Court's Decision in Vail v. Harleysville Insurance Company is Dispositive of the Issue Raised by the Defendant.

It is necessary to carefully examine this Court's opinion in Vail v. Harleysville Insurance Co., Civil Action No. 2002-CV-02933, 2002 WL 32172799, 2002 U.S. Dist. Lexis 17405 (E.D. Pa. September 30, 2003).  As Judge Gardner noted in the Vail opinion, Plaintiff Kenneth Vail did not file his Complaint until April 18, 2002, which was 254 days after the EEOC had issued its Notice of Right to Sue *and more than five months after the ninety day Statute of Limitations under the said Notice of Right to Sue had passed.*

Nevertheless, in Vail, Judge Gardner denied the Defendant's Motion to Dismiss, noting that the mechanism available to the Defendant after it was served with a Writ of Summons was to file a praecipe for a rule to file a complaint.

### 5.    Plaintiff's Complaint Properly Sets Forth a Cause of Action for Violation  of the Americans with Disabilities Act.

As noted hereinabove, the simplified notice pleading standard requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  See Swierkiewicz v. Sorema, N.A., *supra*.  A plaintiff presents a prima facie case of discrimination under the ADA by demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she has suffered an otherwise adverse employment decision as a result of the discrimination.  See, Shiring v. Runyon, 90 F.3d 827, 831 (3rd Cir. 1996).  The ADA prohibits employers from discriminating

against qualified individuals with disabilities because of their disabilities, in certain employment-related matters.  42 U.S.C. § 12112(a).

A plaintiff has a "disability" for the purposes of the ADA if she (1) has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual"; (2) has a "record of such impairment"; or (3) is "regarded as having such an impairment". 42 U.S.C. § 12102(2).  Discrimination under the ADA encompasses not only adverse actions motivated by prejudice against the disabled, but also includes failing to make reasonable accommodations for a plaintiffs' disabilities.

In addition to being actually disabled, a plaintiff can show that she was "regarded as" being disabled by the employer.  Williams v. Philadelphia Housing Authority Police, 380 F.3d 751, 766-768 (3rd Cir 2004). (employees who are "regarded as" disabled are entitled to reasonable accommodation in the same way as are those who are actually disabled); Olson v. General Electric Astrospace, 101 F.3d 947, 954-55 (3rd Cir. 1996);  Deane v. Pocono Medical Center, 142 F.3d 138, 148-49 (3rd Cir 1998) (en banc); Murray v. Surgical Specialties Corp., Civil Action No. 977-04444, 1999 WL 46583, 1999 U.S. Dist. LEXIS 277 (E.D. Pa. Jan. 14, 1999), 1999 WL 46583; Katz v. City Metal Col., Inc., et. al., 87 F.3d 26 (1st Cir. 1996). Pursuant to the ADA, a plaintiff may allege both that she was disabled in fact, and, that her employer regarded her as being disabled.  Rowles v. Automated Productions Systems, Inc., 92 F. Supp. 2d 424, 427 (M.D. Pa. 2000); Julia v. Janssen, Inc., 92 F. Supp. 2d 25, 37 (D. Puerto Rico 2000).  Even if the Court were to find Plaintiff was not actually disabled, it should be noted that the Third Circuit Court of Appeals has held that the employees who "regarded as" disabled are

entitled to reasonable accommodation in the same way as are those who are actually disabled. <u>Williams v. Philadelphia Housing Authority Police</u>, *supra*.

In sum, given the allegations and contentions set forth in the Plaintiff's Complaint, as well as the legal authorities cited herein, Plaintiff respectfully represents that it would constitute an error of law to dismiss the Plaintiff's Complaint in the case at bar.

## III.    <u>CONCLUSION</u>

Based upon the foregoing arguments and authorities, Plaintiff respectfully requests that your Honorable Court deny and dismiss the Defendant's Motion to Dismiss.

Respectfully submitted,

\_\_ s/Donald P. Russo_____
DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff
117 East Broad Street
P.O. Box 1890
Bethlehem, PA 18016-1890
(610) 954-8093
Attorney I.D. #25873

**<u>CERTIFICATE OF SERVICE</u>**

I, Donald P. Russo, hereby certify that on this date I served a true and correct copy of the within Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint upon opposing counsel, via United States certified first class mail, postage pre-paid, addressed as follows:

Sean Hart, Esquire
HEIMBACH, SPITKO & HECKMAN
The Capri Building
535 Hamilton Street, Suite 200
Allentown, PA 18101-1512

Date: ___September 15, 2005_____                    _____s/Donald P. Russo_____
                                                      DONALD P. RUSSO, ESQUIRE
                                                      Attorney for Plaintiff
                                                      117 East Broad Street
                                                      P.O. Box 1890
                                                      Bethlehem, PA 18016-1890
                                                      (610) 954-8093
                                                      Attorney I.D. #25873