IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA HEATER,** | : | NO. 2:05-CV-04545 |
| **Plaintiff** | : | |
| v. | : | |
| **KIDSPEACE,** | : | |
| | : | **HON. BERLE M. SCHILLER** |
| **Defendant** | : | |

**DEFENDANT'S REPLY BRIEF**

I. **INTRODUCTION**

Defendant, KidsPeace, filed its Motion to Dismiss and supporting Memorandum of Law on September 2, 2005. Plaintiff filed her response and brief in opposition on or about September 15, 2005. KidsPeace hereby submits its Reply Brief pursuant to Local Rule 7.1 and this Honorable Court's internal operating procedures, pending approval of its Motion for Leave to File a Reply Brief that KidsPeace filed contemporaneously herewith. Except as supplemented below, KidsPeace relies upon its opening Memorandum of Law.

II. **ARGUMENT**

A. **Plaintiff's Failure to Serve the Writ of Summons Failed to Toll the Statute of Limitations.**

In her Brief in Opposition to Defendant's Motion to Dismiss, Plaintiff essentially claims that her filing of the Writ of Summons in the Court of Common Pleas of Lehigh County, without further action on her part, was a sufficient to toll the statute of limitations for filing a discrimination action after receiving a 'right to sue' letter from the EEOC. However, a review of the relevant case law reveals that Plaintiff's argument is not valid.

The Pennsylvania appellate courts have consistently held that procedural rules relating to relating to service of process must be <u>strictly followed</u> because jurisdiction of the person of the defendant cannot be obtained unless proper service is made. <u>Beglin v. Stratton</u>, 816 A.2d 370, 373 (Pa. Commw. 2003)(emphasis supplied); <u>Hoeke v. Mercy Hospital of Pittsburgh</u>, 254 Pa. Super. 520, 386 A.2d 71 (1978). P.R.C.P. 1007 provides that an action may be commenced by filing with the prothonotary a praecipe for writ of summons or a complaint. Additionally, P.R.C.P. 401 provides that original process shall be served within the Commonwealth within thirty (30) days after the issuance of the writ or the filing of the complaint.

The Pennsylvania Supreme Court has specifically ruled that a "writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its track the legal machinery he has just set in motion." <u>Lamp v. Heyman</u>, 469 Pa. 465, 366 A.2d 882, 889 (1976). Subsequently, the Pennsylvania Supreme Court has stated "<u>Lamp</u> requires of plaintiff a good-faith effort to effectuate notice of commencement of the action." <u>Farinacci v. Beaver County Industrial Development Authority</u>, 510 Pa. 589, 594, 511 A.2d 757, 759 (1986). Where a plaintiff does not make a good-faith effort at service of original process, an action which was otherwise timely commenced by filing a praecipe of writ of summons within the statutory period will be deemed untimely and barred by the statute of limitations. <u>Johnson v. Allgeier</u>, 852 A.2d 1235 (Pa. Super. 2004).

What constitutes a good-faith effort to serve legal process is a matter to be determined by the court in its sound discretion on a case-by-case basis. <u>Farinacci</u>, 511 A.2d at 759. The plaintiff has the burden of showing that his or her efforts were reasonable. <u>Devine v. Hutt</u>, 863 A.3d 1160, 1168 (Pa. Super. 2004). At minimum, the requirement that the plaintiff make a

good-faith effort to effectuate the service mandates compliance with the rules of civil procedure and local practice.  Id. Pennsylvania courts have specifically held that simple neglect and mistake to fulfill the responsibility to see that the requirements for service are carried out may be sufficient to mandate dismissal of the action.  Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute lack of good faith on the part of the plaintiff, especially where service occurs after the limitations period has expired.  See Miller v. Klink, 871 A.2d 331, 335 (Pa. Super. 2005); Rosenberg v. Nicholson, 408 Pa. Super. 502, 597 A.2d 145, 148 (1991)(case dismissed where plaintiff supplied defendant's incorrect address to sheriff who could not effectuate service of process); Weiss v. Equibank, 313 Pa. Super. 446, 460 A.2d 271 (1983)(neglecting to pay sheriff's fee is lack of good-faith); Eastland Food Management, Inc. v. One Beacon Insurance Co., 2005 W.L. 1648188 (Pa. Com. Pl. 2005).

     The Pennsylvania Supreme Court most recently addressed the issue of what constitutes a good-faith effort to serve a writ of summons in Witherspoon v. City of Philadelphia, 564 Pa. 388, 768 A.2d 1079 (2001).  In Witherspoon, plaintiff attempted to initiate a cause of action by filing a writ of summons.  However, service was not made within thirty (30) days as required by P.R.C.P. 401(b).  Furthermore, as in this case, by the time service was made, the statute of limitations had expired.  In Witherspoon, plaintiff's counsel actually delivered the writ of summons to the process server who made one attempt to serve it in a timely fashion.  The court found that the "inadvertence" in the Witherspoon case which allowed the thirty (30) days to lapse without service having been made was attributable to the process server's failure to make additional attempts until service was made, his failure to make and file a return of no service "forthwith" as required by Rules 405(a) and (e), and/or counsel's failure to promptly ascertain

3

the results of the process server's efforts.  Witherspoon, 564 Pa. at 396 (emphasis supplied).  The Witherspoon court recognized and since the writ was not served within thirty (30) days, the condition necessary to complete the timely commencement of the action was not fulfilled.  The court further held that given the importance of service of original process in completing the progression of events by which an action is commenced, it is necessary that where that progression "straddles the line" of the limitation period, the process must be served within the time allowed by the Pennsylvania Rules of Civil Procedure or, if service cannot be made, the process must be immediately and continually

re-issued until service is made.  Id. 564 Pa. at 398 (emphasis supplied).

In this case, Plaintiff filed her Writ of Summons on November, 29, 2004, one (1) day before the limitations period was to expire.  From Plaintiff's Response to Defendant's Motion to Dismiss, it is quite clear that Plaintiff was aware that the Writ had to be served within thirty (30) days to keep her action alive.  However, Plaintiff admits that she took no action to confirm service of the Writ for over sixty (60) days until she attempted to reinstate the already-expired Writ in February 2004.  Plaintiff then waited over an additional thirty (30) days to inquire as to the status of service of the already-expired, re-issued Writ.  Clearly, Plaintiff did not exercise good faith with regard to service of the Writ of Summons in this case.

The Writ filed on November 29, 2004 ("1st Writ") expired before it was served.  Therefore, it did not toll the ninety (90) day statute of limitations, which expired on November 30, 2004.  The February 2, 2005 re-issued Writ ("2nd Writ") was actually a nullity as the 1st Writ had expired before it was served and the statute of limitations had already passed.  The 2nd Writ was also a nullity  because the statute of limitations had passed on November 30, 2004.  The

4

March 22, 2005 Writ ("3rd Writ") was also a nullity because the 2nd Writ was not served within thirty (30) days and because the statute of limitations had passed.

Clearly, as Plaintiff cannot show that she exercised good faith in attempting to serve neither the November 29, 2004 Writ, nor the February 2, 2005 re-issued Writ prior to the expiration of the statute of limitations, Plaintiff's Complaint should be dismissed with prejudice.

**B.     This Case is Otherwise Barred by the Statute of Limitations.**

In her brief, Plaintiff states that this case is nearly identical to Vail v. Harleysville Insurance Company, No. 02-02933, 2003 U.S.Dist. LEXIS 17405 (E.D.Pa. August 24, 2003), and that the outcome of the case at bar is determined by Vail at least in terms of the statute of limitations argument.[1]  As Plaintiff's counsel in this matter was also plaintiff's counsel in Vail, these statements are somewhat disingenuous as Plaintiff's counsel is well aware that the arguments for dismissal in both cases are markedly different.

In Vail, the defendant argued that the plaintiff's filing of a writ of summons did not toll the statute of limitations because it did not put defendant on notice of plaintiff's causes of action under the ADA and/or ADEA prior to the expiration of the ninety (90) day statutory period.  See Harleysville's Memorandum of Law in Support of its Motion to Dismiss attached hereto as Exhibit "A".  Quite simply, this is not Defendant's argument in the present case.

In this case, it is conceded that the filing of the writ of summons on November 29, 2004, would have effectively tolled the ninety (90) day statute of limitations within which to file suit

---

[1] Assertion of a statute of limitations defense on a motion to dismiss is proper if it is apparent from the pleadings that the limitations period has expired.  See Rycoline Prods v. C&W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

5

under the ADA and the ADEA after a plaintiff receives a "right to sue" letter from the EEOC <u>if the Writ had been served within thirty (30) days as required by the Pennsylvania Rules of Civil Procedure</u>.  As argued above, the Writ was not timely served and therefore did not toll the statute of limitations.

However, even if this Honorable Court decides to credit the March 22, 2005 Writ as the commencement of this action, that Writ only tolled the limitations period for another ninety (90) days, the period of time equivalent to the length of the initial statute of limitations (until June 22, 2004).  <u>Vail</u>, 2003 U.S. Dist. LEXIS at *7.  <u>See</u> <u>also</u>, <u>Marucci v. Lippman</u>, 406 Pa. 283, 177 A.2d 616, 617 (1962)("when the writ of summons was originally issued . . .the statute of limitations was tolled for a period of two years from the date of issuance, <u>but not a day more</u>.)(emphasis supplied).

In addition to the aforementioned authority from the Pennsylvania Supreme Court, this issue was very recently addressed by the Pennsylvania Superior Court in <u>Devine v. Hutt</u>, 2004 Pa. Super. 460, 863 A.2d 1160 (December 3, 2004).  In <u>Hutt</u>, the Superior Court stated:

> The filling of a praecipe for writ of summons [or a complaint] to commence an action is sufficient to toll the running of the statute of limitations, if the plaintiff makes a good faith effort to serve the writ or complaint in compliance with the other applicable rules of court. [citation omitted].  When a plaintiff successfully tolls the applicable statute of limitations by timely issuance and delivery of a complaint [or writ of summons], <u>the action is kept alive for a period [of time] equal to the original statute of limitations</u>.

<u>Id.</u> 863 A.2d at 1167-68 (emphasis supplied).

In this case, even if this Honorable Court somehow finds that the filing and delivery of the Writ of Summons on March 22, 2005, was valid, it only kept the action alive for another

6

ninety (90) days, until June 22, 2005.  However, Plaintiff took no further action in this case until her Complaint was filed on July 13, 2005, well-beyond the extended limitations deadline.  The Third Circuit has specifically held that "a claim filed <u>even one day</u> beyond the ninety day window [for filing a court action after receiving a right to sue letter] is untimely and may be dismissed absent an equitable reason for disregarding the statutory requirement."  <u>Figueroa v. Buccaneer Hotel, Inc.</u>, 188 F.3d 172, 176 (3d Cir. 1999)(emphasis supplied).   As such, Plaintiff's Complaint should be dismissed as it was filed beyond the statute of limitations.

        **C.**     **Equitable Tolling Should Not Apply.**

The time limitations for filing a complaint with the EEOC and for bringing a subsequent civil action are analogous to a statute of limitations and thus may be subject to equitable tolling. <u>See</u> <u>Communication Workers of America, AFL-CIO v. N.J. Dep't of Personnel</u>, 282 F.3d 213 (3d Cir. 2002); <u>Oshiver v. Levin, Fishbein, et al.</u>, 38 F.3d 1380, 1387 (3d Cir. 1994).  <u>Buckalew v. EBI Companies, et al.</u>, 2002 U.S. Dist. LEXIS 10843 at *11 (E.D. Pa. 2002).  These requirements, however, are "not to be disregarded by courts out of a vague sympathy for particular litigants."  <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152, 80 L.Ed.2d 196, 104 S. Ct. 1723 (1984).  "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day."  <u>Mosel v. Hills Dept Store, Inc.</u>, 789 F.2d 251, 253 (3d Cir. 1986)(citations omitted).  Equitable tolling is "a remedy available only sparingly and in extraordinary situations."  <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1023 (3d Cir. 1997).

Equitable tolling may be appropriate where the defendant has actively misled the plaintiff regarding her cause of action, where the plaintiff has in some extraordinary way been prevented

from asserting her rights or where she has mistakenly asserted her rights in the wrong forum. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000); Oshiver, supra, 38 F.3d at 1387.  A plaintiff seeking to equitably toll a statue of limitations must also show that she exercised reasonable diligence in pursuing her claim.  See New Castle County v. Halliburton NUS Corp., 111 F.3d 1115, 1126 (3d Cir. 1997); Scary v. Philadelphia Gas Works, 202 F.R.D. 148, 153 (E.D. Pa. 2001).  The burden is on a plaintiff to justify equitable tolling.  See Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir. 1985); Buckalew, supra.

In this case, Plaintiff's mere filing of her Writ of Summons on November 29, 2004, does not warrant application of equitable tolling which should be used "only sparingly and in extraordinary situations."  See Robinson, supra, 107 F.3d at 1023.  Despite allegedly being notified of her right to sue as early as August 29, 2004, Plaintiff, with the assistance of experienced employment law counsel, waited until November 29, 2004, the day before her ninety (90) day limitation period was to expire, before filing a Writ of Summons in Lehigh County.  Plaintiff's counsel knew or should have known that service of the Writ had to be completed before December 29, 2004 to effectively toll the statute of limitations.  However, Plaintiff's counsel took no action for over sixty (60) days to ensure timely service of the Writ.

Furthermore, even after the re-issued Writ was finally served on Defendant, Plaintiff's counsel knew or should have known that a Complaint had to be filed within ninety (90) days thereafter.  Yet, Plaintiff's counsel failed to act with reasonable diligence and failed to file the Complaint until after the limitations period had expired.

This is not the case of an unrepresented plaintiff who does not know better.  Plaintiff had the assistance of experienced employment counsel from the start.  Despite filing numerous

8

employment law claims for other plaintiffs, and knowing of the statute of limitations and common delays in service of process, Plaintiff's counsel inexcusably failed to exercise reasonable diligence to see that his client's Writ of Summons was served or that the subsequent Complaint was filed within the limitations period.

Because Plaintiff and her experienced counsel failed to act with reasonable diligence, this is not an "extraordinary" case in which Plaintiff was prevented from timely asserting her rights; at best, it is a case involving garden variety neglect that does not warrant equitable tolling. See, e.g., Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990)("[t]he principles of equitable tolling...do not extend to what is at best a garden variety claim of excusable neglect by an attorney.").

**Wherefore**, Defendant respectfully requests that this Honorable Court grant its Motion to

Dismiss and dismiss Plaintiff's Complaint with prejudice.

                                      Respectfully submitted,

                                      HEIMBACH, SPITKO & HECKMAN

                                      By_____/s/_____ SMH4099
                                            Sean M. Hart, Esquire
                                            I.D. No. 82084
                                            535 Hamilton St., Suite 200
                                            Allentown, PA 18101
                                            (610) 821-7000

                                    Attorneys for Defendant,
                                    KidsPeace

Date:  September 23, 2005

N:\Documents\KidsPeace\000010 Heater Litigation\Reply Brief.wpd