IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA HEATER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KIDSPEACE, | : | No. 05-4545 |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

Schiller, J.                                                                                                           October 5, 2005

      This case arises out of the alleged discrimination by Defendant, Kidspeace, against Plaintiff, Donna Heater. Plaintiff brings claims against Defendant alleging violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. For the reasons that follow, Defendant's motion is denied.

**I.    BACKGROUND**

      Plaintiff worked in Kidspeace's Utilization Review Department for over ten years. (Compl. ¶¶ 3, 6, 43.) Plaintiff alleges that Defendant discriminated against her based upon her age and disability, refused to accommodate her disability, and wrongfully terminated her employment, replacing her with a younger person with no physical ailments. (Compl. ¶¶ 7-9, 13-18, 29-41.) Plaintiff seeks to be rehired into the same or a similar position in Defendant's company, with appropriate backpay and benefits, as well as compensatory and punitive damages. (Compl. ¶¶ 54-75.) Plaintiff timely filed an administrative claim with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and was

issued a notice of dismissal and right to sue letter from the EEOC on August 27, 2004. (Compl. ¶¶ 42, 46.) Plaintiff filed a praecipe for writ of summons in the Lehigh County Court of Common Pleas on November 29, 2004. (Pl.'s Memo. of Law in Opp'n to Def.'s Mot. to Dismiss Compl. at 3 [hereinafter "Pl.'s Resp."].) The writ of summons was reissued on February 2, 2005, and again on March 22, 2005. (*Id.* at 3-4.) The Lehigh County Sheriff served the writ on March 24, 2005. (*Id.* at 4.) A complaint was filed in Lehigh County on July 13, 2005. (Pl.'s Resp. Ex. A.) Pursuant to 28 U.S.C. § 1441(a) and (b), the case was removed to this Court on August 26, 2005.

**II.    STANDARD OF REVIEW**

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, courts must accept as true all factual allegations pleaded in the complaint and must draw all reasonable inferences in favor of the non-moving party. *Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A motion to dismiss will only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As it appears on the face of Plaintiff's complaint that her ADA and ADEA claims may be barred by the applicable statute of limitations, the limitations defense is properly raised at this stage of the proceedings. *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160 (E.D. Pa. 1996).

**III.   DISCUSSION**

   **A.   Timely Service and the Statute of Limitations**

Defendant seeks to dismiss the Complaint for failure to serve the writ of summons before it expired, or in the alternative, to dismiss the ADA and ADEA claims for failure to file the complaint before the statute of limitations had run. (Def.'s Mot. to Dismiss at 2-3.)

   *1.   Proper Filing, Reissuance and Service of the Writ of Summons*

The ADA and ADEA require that a plaintiff bring a civil action within 90 days of receiving a notice of dismissal and right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (2005) ("[W]ithin 90 days after the giving of such notice a civil action [under the ADA] may be brought against the respondent named in the charge"); 29 U.S.C. § 626(e) (2005) ("[A] civil action may be brought under [the ADEA] . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice."); *see also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (holding that dismissal by EEOC followed by notice to complainant triggers statute of limitations period). In accordance with the Federal Rules of Civil Procedure, a plaintiff is presumed to receive the notice of dismissal letter three days after such letter is issued by the EEOC. *See* FED. R. CIV. P. 6(e).

While the 90-day statute of limitations for ADA and ADEA claims establishes the time period when such actions "may be brought," the statutes do "not specify the manner of commencing the 'civil action.'" *Krouse v. Am. Sterilizer Co.*, 872 F. Supp. 203, 205 (W.D. Pa. 1994) (noting that the ADA statute of limitations provision "contains no reference at all to a 'complaint'"). Under the Pennsylvania Rules of Civil Procedure, "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." PA. R. CIV. P. 1007. Thus,

in Pennsylvania, the filing of a praecipe for a writ of summons is sufficient to commence a civil action and toll the statute of limitations. *See Vail v. Harleysville Group, Inc.*, Civ. A. No. 02-2933, 2002 WL 32172799, at *2 (E.D. Pa. Sept. 30, 2003). This state rule applies to cases removed to federal court. *See id.* ("[C]ompliance with the Pennsylvania procedural rule satisfies the tolling requirement in cases removed to [the Eastern District of Pennsylvania]." (quoting *Perry v. City of Phila.*, Civ. A. No. 99-2989, 1999 U.S. Dist. LEXIS 12915, at *4 (E.D. Pa. Aug. 17, 1999))).

Although *filing* a praecipe for a writ of summons is sufficient to commence an ADA and/or ADEA action in Pennsylvania state court, plaintiffs must make a "good-faith effort to notify a defendant" of the action, via timely *service* of such writ. *Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976). Pursuant to the Pennsylvania Rules of Civil Procedure, a writ must be served within thirty days after issuance or filing; however, the writ may be reissued at any time, and any number of times, after the original issuance during a period equal to the applicable statute of limitations, and each reissuance gives rise to another tolling period equal to the statutory limitations time period. *See* PA. R. CIV. P. 401(a) & (b); *Lamp*, 366 A.2d at 885. However, the Pennsylvania Supreme Court has held that, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp*, 366 A.2d at 889. The court sought to prevent plaintiffs from deliberately delaying service of the writ to toll the statute of limitations indefinitely by frequently reissuing the writ under Pennsylvania's liberal rules. *See id.* at 887.

However, a plaintiff who follows the requisite local procedures for serving process has made the necessary good-faith effort to notify a defendant of an action. *See id.* at 889 ("If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff

shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure."). *See also Gould v. Nazareth Hosp.*, 511 A.2d 855, 857-58 (Pa. Super. Ct. 1986) (commencement of action not affected by failure to serve writ when such failure was not plaintiff's fault); *Beck v. Minestrella*, 401 A.2d 762, 764 (Pa. Super. Ct. 1978) (same).

Here, the EEOC issued Plaintiff's notice of dismissal and right to sue letter on August 27, 2004. (Compl. ¶ 46.) Thus, Plaintiff's 90-day statute of limitations for her ADA and ADEA claims began to run on August 30, 2004, the date when Plaintiff received the letter. *See* FED. R. CIV. P. 6(e) (plaintiff deemed to have received notice letter three days after issuance). Thirty days later, Plaintiff filed a praecipe for a writ of summons, and a writ was issued on November 29, 2004. (Pl.'s Resp. at 3.) In addition to filing the writ, Plaintiff provided an additional check along with appropriate documentation such that the prothonotary could prepare and deliver the writ to the sheriff's office for service upon Defendant. (Pl.'s Resp. Ex. B.) Plaintiff's actions not only tolled the statute of limitations for an additional 90 days, but also fulfilled her obligation to notify Defendant pursuant to local practice rules.

On February 2, 2005, sixty-five days after issuance of the original writ, the writ was reissued, when Plaintiff became aware that the prothonotary had failed to forward Plaintiff's paperwork to the sheriff's office for service of the writ. (Pl.'s Resp. at 3; Ex. C of Pl.'s Resp. Ex. B.) This reissuance tolled the statute of limitations for an additional 90 days. *See* PA. R. CIV. P. 401(b)(2); *Lamp*, 366 A.2d at 885. On March 22, 2005, forty-eight days after the first reissuance of the writ, the writ was reissued again, because the prothonotary still had not delivered the paperwork and writ to the

sheriff's office and thus service of the writ remained uncompleted. (Pl.'s Resp. at 3-4; Ex. C of Pl.'s Resp. Ex. B.) This second reissuance tolled the statute of limitations for an additional 90 days. *See* PA. R. CIV. P. 401(b)(2); *Lamp*, 366 A.2d at 885. Two days after the second reissuance of the writ, on March 24, 2005, the sheriff's office finally served the writ of summons upon Defendant. (Pl.'s Resp. at 4.) This service was within the 30-day window for perfecting service of a reissued writ, *see* PA. R. C. P. 401(a), and within the 90-day time period for perfecting service to satisfy the statute of limitations, *see Lamp*, 366 A.2d at 885-86. Therefore, service was timely and proper.

Accordingly, Defendant's motion to dismiss the complaint for failure to serve the writ of summons before it expired is denied.

2.  *Timely Filing of the Complaint*

For those actions initiated by filing a praecipe for a writ of summons and timely served within the statute of limitations, the Pennsylvania Supreme Court has held that there is no time limit within which the plaintiff must file the complaint. *See Galbraith v. Gahagen*, 204 A.2d 251, 252 (Pa. 1964) (case in which complaint was filed more than two years [the applicable statute of limitations period] after praecipe for writ of summons was filed and served) ("[W]here the plaintiff has had the summons served upon the defendant, and the defendant . . . is thus made aware of the lawsuit pending against him, he cannot complain if plaintiff takes his time and files the Complaint more than two years after service."). Filing a praecipe for a writ of summons merely extends the statute of limitations for an equivalent statutory period *until the writ is served*.[1]  *See id.*; *Salay v.*

---

[1] The Court has reviewed the Pennsylvania Superior Court cases relied upon by Defendant in light of the Pennsylvania Supreme Court's decision in *Galbraith*. *Beck v. Minestrella*, 401 A.2d 762 (Pa. Super. Ct. 1979), *Shackelford v. Chester County Hospital*, 690 A.2d 732 (Pa. Super. 1997), and *Devine v. Hutt*, 863 A.2d 1160 (Pa. Super. Ct. 2004) all address the extension of the statute of limitations for an additional statutory period when a writ of

*Braun*, 235 A.2d 368, 371 (Pa. 1967) ("The Rule in Pennsylvania has always permitted a plaintiff . . . to commence an action and keep it alive until he suddenly serves the defendant."). In contrast, timely service of the writ satisfies the statute of limitations.[2]  *See Galbraith*, 204 A.2d at 252; *GAF Corp. v. Cathcart*, 574 A.2d 604, 608 n.5 (Pa. Super. Ct. 1990) (case in which five years [more than the applicable statute of limitations period] passed between filing and service of the writ and filing of the complaint) (noting that after defendant accepted service of the writ and was aware of the pending action, plaintiffs could formulate and file complaint "at some point in the future"); *Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016, 1018-19 (Pa. Super. Ct. 2003) (filing and timely service of writ satisfied statute of limitations); *Sardo v. Smith*, 851 A.2d 168, 169 n.1 (Pa. Super. Ct. 2003) (same).

To prevent potential inequity and prejudice to defendants not yet served with a complaint, Pennsylvania law allows a defendant to request the prothonotary to order the plaintiff to file a complaint. *See* PA. R. C. P. 1037(a) ("[T]he prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non

---

summons has been issued and *delivered to the sheriff* for service. *See Beck*, 401 A.2d at 764; *Shackelford*, 690 A.2d at 735; *Devine*, 863 A.2d at 1167. The extension applies to the time period for *serving* the writ upon the defendant, not to any time period for filing a complaint. *See Galbraith*, 204 A.2d at 252. Defendant seems to have incorrectly interpreted the phrase "delivery to the sheriff" as synonymous with delivery of the writ to the defendant.

[2] In support of its motion, Defendant points to a recent decision issued by the Honorable James Knoll Gardner of this District. *See Frable v. Christmas City Hotel, LLC*, Civ. A. No. 05-0402, 2005 U.S. Dist. LEXIS 22081, at *16 (E.D. Pa. September 28, 2005) (dismissing plaintiff's ADEA and Title VII claims on statute of limitations grounds for failure to file a complaint within 90 days of filing the praecipe for a writ of summons). The Court respectfully disagrees with Judge Gardner's holding and interpretation of Pennsylvania state law precedent.

pros."). A defendant who has been timely served with a writ of summons, but who alleges prejudice from plaintiff's delay in filing a complaint, must resort to this rule rather than seek dismissal of the lawsuit as time-barred. *See Galbraith*, 204 A.2d at 252 ("If any harm is incurred by defendant as a result of [the delay in filing the complaint], it results from [defendant's] own failure to employ the weapon given him under Rule 1037 to force the plaintiff to file the Complaint. . . [T]he defendant having been served with the Summons should have required plaintiffs to file their Complaint earlier. Having failed to do so [defendant] cannot now complain that the statute of limitations has barred further action."); *GAF Corp.*, 574 A.2d at 609 n.6 (noting that defendant who was effectively served "had the option to invoke the remedies available to a defendant who believes that too much time has gone by without the filing of a complaint"); *Sheets*, 823 A.2d at 1019 (noting that "defendants could have filed a rule on the plaintiffs to file a complaint. If they failed to respond, the case could be dismissed, but for failing to respond to the rule, not because of a statute of limitations violation.").

Federal courts interpreting Pennsylvania procedures and case law have also concluded that a prejudiced defendant must seek dismissal pursuant to Rule 1037, not under the statute of limitations. *See Groh v. Brooks*, 421 F.2d 589, 594 n.14 (3d Cir. 1970) (noting that if "the original summons [had] been served on the [defendants], and they had not ruled plaintiff to file a complaint, the statute of limitations would not have been available as a defense") (*citing Galbraith*, 204 A.2d at 251); *Vail*, 2002 WL 32172799, at *3-*4 ("Because it is clear that defendant had a mechanism to require plaintiff to file a complaint in Pennsylvania state court and did not avail itself of the opportunity to do so, we reject defendant's contention that plaintiff's claims should be barred because defendant did not receive a complaint earlier."); *Krouse*, 872 F. Supp. 203, 209 (W.D. Pa. 1994) (noting defendant's failure to avail itself of procedural device available to determine nature

of pending action).

Plaintiff filed the Complaint on July 13, 2005, one hundred and thirteen days after the second reissuance of the writ. (Pl.'s Resp. Ex. A.) Although this was clearly beyond the 90-day toll established by the March 22, 2005 reissuance of the writ, that reissuance of the writ only needed to keep the action alive until *service of the writ* could be made, not until the complaint was filed. *See Galbraith*, 204 A.2d at 251-52. The filing of the original writ on November 29, 2004 commenced this action, and the service of the writ was the only action necessary within the 90-day time period (as counted from the second reissuance) to satisfy the statute of limitations. *See id.* Furthermore, Defendant did not utilize the procedural mechanism available under the Pennsylvania Rules of Civil Procedure to direct Plaintiff to file the complaint within 20 days or face dismissal for non-prosecution.

Thus, Defendant's motion to dismiss the ADA and ADEA claims because Plaintiff's complaint was filed outside the 90-day statute of limitations is also denied.

### B.     Plaintiff is Entitled to a Jury Trial on the PHRA Claim

Defendant seeks to strike Plaintiff's jury demand on her PHRA claim, alleging that the PHRA contains no provision granting the right to a jury trial. (Def.'s Mot. to Dismiss at 3.) While Defendant is correct that there is no right to a jury trial under the PHRA in Pennsylvania state court, *see Wertz v. Chapman Twp.*, 741 A.2d 1272, 1273 (Pa. 1999), Defendant's removal of this case to this court renders that fact irrelevant. *See Cortes v. R.I. Enters., Inc.*, 95 F. Supp. 2d 255, 262 (M.D. Pa. 2000) (holding that plaintiff is entitled to jury trial for legal claims brought under PHRA); *Grabosky v. Tamac Corp.*, 127 F. Supp. 2d 610, 624 (M.D. Pa. 2000) (same). It is federal law, not state law, that determines the right to a jury trial when pursuing a state-created right in federal court.

9

*See Simler v. Conner*, 372 U.S. 221, 221 (1963); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2303 (2d ed. 1987).  Pursuant to the Seventh Amendment's guarantee of the right to a trial by jury for legal claims in actions analogous to suits at common law, federal law recognizes the right to a jury trial for compensatory damages claims under the PHRA. *See Cortes*, 95 F. Supp. 2d at 261-62; *Grabosky*, 127 F. Supp. 2d at 624.

Accordingly, Plaintiff is entitled to a jury trial on her PHRA claim for compensatory damages.

## IV.     CONCLUSION

For the reasons discussed above, Defendant's motion is denied.[3]  An appropriate Order follows.

---

[3] Defendant also seeks dismissal of Plaintiff's ADA/PHRA claims because Plaintiff is not disabled as a matter of law, and dismissal of Plaintiff's PHRA claim for failure to adequately plead a claim upon which relief may be granted. (Def.'s Mot. to Dismiss at 3.)  At this stage of the litigation, it is premature for the Court to assess whether Plaintiff can prove she is "disabled" under the ADA.  Likewise, general factual averments in support of a PHRA claim are sufficient to survive a 12(b)(6) motion to dismiss.  Thus, Defendant's motion to dismiss on these grounds is also denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA HEATER,** | : | |
|     **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KIDSPEACE,** | : | **No. 05-4545** |
|     **Defendant.** | : | |

## ORDER

**AND NOW**, this **5th** day of **October**, **2005**, upon consideration of Defendant Kidspeace's Motion to Dismiss Plaintiff's Complaint (Document No. 2), Plaintiff's response thereto, Defendant's reply thereon, and for the foregoing reasons, it is hereby **ORDERED** that Defendant's motion is **DENIED**.

                                                          **BY THE COURT:**

                                                          */s/ Berle M. Schiller*

                                                          **Berle M. Schiller, J.**