IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA HEATER,** | : | **NO. 2:05-CV-04545** |
| **Plaintiff** | : | |
| v. | : | |
| **KIDSPEACE,** | : | |
| | : | **HON. BERLE M. SCHILLER** |
| **Defendant** | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES**

AND NOW, comes Defendant, KidsPeace, by and through its attorneys, Heimbach, Spitko & Heckman, and hereby files the within Answer to Plaintiff's Complaint with Affirmative Defenses and states as follows:

1. Admitted. Upon information and belief.

2. Admitted.

3. Admitted.

4. Denied as stated.

5. Denied. The averments of this paragraph constitute conclusions of law requiring no response. For further answer, Plaintiff's Complaint fails to specify what "position" to which she is referring in this paragraph and it is therefore denied.

6. Denied as stated.

7. Denied as stated.

8. Denied. It is specifically denied that Ms. Ambrogi harassed Plaintiff in any manner whatsoever.

9. Denied. It is specifically denied that Ms. Ambrogi had an age-based vendetta towards Plaintiff.

10. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Ms. Ambrogi retaliated against Plaintiff in any manner whatsoever.

11. Denied. It is specifically denied that Ms. Ambrogi retaliated against Plaintiff in any manner whatsoever.

12. Denied as stated.

13. Denied as stated.

14. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

15. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

16. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

17. Denied as stated.

18. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

19. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's beliefs averred in this paragraph and strict proof is demanded at time of trial.

20. Denied.

21. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's beliefs averred in this paragraph and strict proof is demanded at time of trial.

22. Denied as stated.

23. Denied as stated.

24. Admitted in part/denied in part. It is admitted only that in July, 2002, Plaintiff was given a final written warning. The remaining averments of this paragraph are specifically denied.

25. Denied. It is specifically denied that Plaintiff was given very restrictive procedures to perform her job.

26. Admitted in part/denied in part. It is admitted only that Plaintiff did not perform to expectations. It is specifically denied that procedures were made more difficult to attain or that they were changed daily.

27. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's beliefs averred in this paragraph and strict proof is demanded at time of trial.

28. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

29. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial. To the extent an answer is required, it is specifically denied that Plaintiff was set up for termination in any manner whatsoever and it is specifically denied that she was not provided with necessary and complete work tools required for her job.

30. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's beliefs averred in this paragraph and strict proof is demanded at time of trial.

31. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

32. Denied.

33. Denied.

34. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

35. Denied. It is specifically denied that Plaintiff's performance was always good and it is also denied that her discharge was not based upon legitimate performance reasons.

36. Denied. It is specifically denied that Kemmerer replaced Plaintiff.

37. Admitted.

38. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

39. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as they pertain to Plaintiff's beliefs and strict proof is demanded at time of trial.

40. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Plaintiff was harassed and terminated because of her purported disability. It is also denied that she was retaliated against in any way for having sought an accommodation for her purported disability.

41. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph that are based upon Plaintiff's beliefs and strict proof is demanded at time of trial. To the extent a response is required, it is specifically denied that Plaintiff's age was a factor in her termination.

42. Admitted.

43. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

44. It is admitted only that Plaintiff has attached Exhibit "A" to her Complaint.

45. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

46.     Admitted.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 197, 29 U.S.C. SECTION 621, *et seq* <u>PLAINTIFF v. KIDSPEACE</u>

47.     Answering Defendant incorporates by reference paragraphs 1 through 46, above, as if the same were set forth fully at length herein.

48.     Admitted, upon information and belief.

49.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.  To the extent a response is required, it is specifically denied that Defendant violated the ADEA in any manner whatsoever.

50.     Denied.  It is specifically denied that Plaintiff's job performance equaled or exceeded the standards established for her position.

51.     Denied.  It is specifically denied that Defendant had an illegal discriminatory motive for terminating Plaintiff.  It is also denied that her work performance was satisfactory.

52.     Denied.  It is specifically denied that Kemmerer replaced Plaintiff.

53.     Denied.  The averments of this paragraph constitute conclusions of law requiring no response.

54.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at trial.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable interest, attorneys' fees and costs.

## COUNT II

**VIOLATION OF AMERICANS WITH DISABILITITES ACT,
42 U.S.C. SECTION 12101,** *et seq*
**PLAINTIFF v. KIDSPEACE**

55. Answering Defendant incorporates by reference paragraphs 1 through 54, above, as if the same were set forth fully at length herein.

56. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Plaintiff had a serious health condition and/or that Defendant was aware of Plaintiff's purported serious health condition.

57. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

58. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

59. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

60. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

61. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

62. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

63. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Defendant discriminated against Plaintiff in any manner because of her purported disability.

64. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Defendant regarded Plaintiff as being disabled.

65. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial. For further answer, it is specifically denied that Defendant engaged in any illegal conduct with respect to the Plaintiff.

66. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Defendant acted maliciously, wantonly and/or willfully with respect to the Plaintiff in any manner whatsoever.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable interest, attorneys' fees and costs.

## COUNT III

## **UNLAWFUL RETALIATION**

67. Answering Defendant incorporates by reference paragraphs 1 through 66, above, as if the same were set forth fully at length herein.

68. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Plaintiff engaged in any protected activity.

69. Admitted in part/denied in part. It is admitted only that Plaintiff filed a charge of discrimination with the EEOC. The remaining averments of this paragraph are denied.

70. Denied. It is specifically denied that Plaintiff was terminated after she filed a charge of discrimination with the EEOC.

71. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and strict proof is demanded at time of trial.

72. Denied. The averments of this paragraph constitute conclusion of law requiring no response. To the extent a response is required, it is specifically denied that Defendant acted maliciously, wantonly and/or willfully, in any respect toward Plaintiff.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable interest, attorneys' fees and costs.

## COUNT IV

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. SECTION 951, *et seq.*

73. Answering Defendant incorporates by reference paragraphs 1 through 72, above, as if the same were set forth fully at length herein.

74. Denied. The averments of this paragraph constitute conclusions of law requiring no response. To the extent a response is required, it is specifically denied that Defendant violated the Pennsylvania Human Relations Act in any manner whatsoever.

75. Denied. The averments of this paragraph constitute conclusions of law requiring no response.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with all reasonable interest, attorneys' fees and costs.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each count thereof fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by the doctrines of waiver, estoppel and/or laches.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing the allegations in this Complaint because she failed in whole or in part to satisfy the conditions precedent to jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing the allegations in this Complaint because she failed in whole or in part to satisfy the conditions subsequent to jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a prima facie case of violation of age discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a prima facie case of disability discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a prima facie of retaliation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust her administrative remedies with respect to any claim that she was discriminated against.

### NINTH AFFIRMATIVE DEFENSE

This Court is without jurisdiction as to those matters occurring outside the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Defendant acted at all times for lawful, legitimate non-discriminatory reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege that Defendant's legitimate reasons for its actions were pretextual.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of unclean hands because of her own misconduct.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate her purported damages.

FOURTEENTH AFFIRMATIVE DEFENSE

The ADEA does not provide Plaintiff with the right to compensatory and/or punitive damages.

FIFTEENTH AFFIRMATIVE DEFENSE

The ADA does not provide for compensatory and/or punitive damages for claims of retaliation.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff together with all reasonable costs, attorneys' fees and costs.

Respectfully submitted,

HEIMBACH, SPITKO & HECKMAN


By_____/s/_____SMH4099
Sean M. Hart, Esquire
I.D. No. 82084
535 Hamilton St., Suite 200
Allentown, PA  18101
(610) 821-7000

Attorneys for Defendant,
KidsPeace

Date:  October 19, 2005

N:\Documents\KidsPeace\000010 Heater Litigation\Answer to Plainiff's Complaint w-affirmative defenses.doc

**CERTIFICATE OF SERVICE**

I, Sean M. hart, Esquire, attorney for Defendant, KidsPeace, certify that on this 19th day of October, 2005, service of a true and complete copy of the above and foregoing Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses was made upon each party or attorney of record herein via first class mail properly addressed as follows:

>Donald P. Russo, Esquire
>117 East Broad Street
>P.O. Box 1890
>Bethlehem, PA  18016-1890
>
>Counsel for Plaintiff

>HEIMBACH, SPITKO & HECKMAN
>
>By_____/s/_____ 4099
>       Sean M. Hart